QUESTION: When may tax collectors clear their rolls of tax executions for intangible personal property taxes upon the executions becoming void?
SUMMARY: Unsatisfied intangible tax executions for the tax year 1970, and prior years, continue to be governed by the provisions of Section 199.281, F.S. 1969, and become void seven years after their issuance. Notwithstanding their becoming void, they may only be canceled of record pursuant to specific statutory authority. Where that statutory authority does not exist, the tax collector may, nevertheless, place a notation on the rolls that they have become void in order to document the discontinuance of his efforts toward collection. For the tax year 1971, and all subsequent tax years, intangible tax warrants not satisfied of record constitute a lien against the real and personal property of the taxpayer for a period of twenty years. In your letter, you request clarification of AGO 057-236 in light of ss. 199.241 and 199.281, F.S. Your letter apparently has reference to these statutory sections as they existed in the 1969 Statutes inasmuch as both of these sections were repealed by Laws of Florida, Chapter 71-134. Nevertheless, in a previous opinion, AGO 072-45, I stated that the provisions of s. 199.281, F.S. 1969, would continue to apply to the responsibilities of the tax collectors for collections of intangible tax assessments made for intangible tax years prior to 1971. Section 199.281, F.S. 1969, reads as follows: Continuing duty of the tax collector to collect tax executions. — It shall be the duty of the tax collector issuing a tax execution to continue from time to time his efforts to collect the same for a period of seven years from the date of the issuance of such tax execution, but at the expiration of said period, said execution shall be void. The Department of Revenue may direct the collector from time to time as to the manner of conducting the proceedings to enforce such tax execution. In AGO 057-236, one of my predecessors considered the language of the intangible tax law as it then existed, which was similar to the wording contained in ss. 199.241 and 199.281, F.S. 1969. That predecessor concluded under the wording contained in the statutes which he considered that an intangible tax execution might be canceled only under the specific circumstances authorized by statute, and concluded further that even though such an execution might be void because of the lapse of seven years, it could not be canceled of record in the absence of a specific statutory authorization for such cancellation. It is my opinion that the views expressed in AGO 057- 236 are still sound. However, my predecessor did conclude in AGO 057-236 that the tax collector might place a notation on his tax books next to an uncollected assessment that had become void, to the effect that it was void in order to document his cessation of collection efforts as to that execution. It is my opinion that this remains the proper course for a tax collector to take in dealing with an uncollected assessment represented by a tax execution which has become void. It should be pointed out that in AGO 072-45, it was my opinion that the responsibilities of the tax collectors with regard to assessments for the 1971 tax year would be governed by the specific provisions of Chapter 71-134, Laws of Florida. In s.199.262, F.S., as enacted by Chapter 71-134, Laws of Florida, it is provided that a warrant may issue and, "[u]pon recording, the amount of such warrant shall become a lien upon the taxpayer's real or personal property in such county in the same manner as a judgment duly docketed and recorded." Section 55.081, F.S., provides that judgments shall cease to become liens upon real or personal property upon the expiration of twenty years from their entry. Thus, it is my opinion that for the tax year 1971, and all succeeding tax years, unpaid and unsatisfied intangible tax warrants continue to be a lien for twenty years rather than seven as was the case under the previous law.